IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **FRANK KRASOVEC and ZOHAR ZIV,** | § § § § | |
| *Plaintiffs* | § | |
| v. | § § | Civil Action No. _____ |
| **SIDDHARTH JAWAHAR,** | § § § | |
| *Defendant* | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Frank Krasovec and Zohar Ziv ("Plaintiffs") file this suit against Defendant Siddharth Jawahar ("Defendant" or "Jawahar"), and, in support hereof, would respectfully show the Court as follows:

### I. INTRODUCTION

1. This lawsuit arises out of a multimillion-dollar Ponzi scheme orchestrated by Defendant Siddharth Jawahar.

   *https://www.justice.gov/usao-edmo/pr/ponzi-scheme-cost-investors-missouri-elsewhere-millions-indictment-says*

Jawahar's scheme made national news headlines:

   *https://www.miamiherald.com/news/business/article286803650.html*

2. Regretfully, Plaintiffs were victims of Jawahar's fraudulent conduct. Plaintiffs and many others invested substantial sums of money with Jawahar on the mistaken belief that Jawahar was operating a legitimate investment fund. Unbeknownst to Plaintiffs and others, Jawahar was

nothing more than a con artist.

## II. PARTIES

3.  Plaintiff Frank Krasovec is an individual resident of Austin, Travis County, Texas.

4.  Plaintiff Zohar Ziv is an individual resident of Santa Barbara, Santa Barbara County, California.

5.  Defendant Siddharth Jawahar was, prior to his incarceration, an individual resident of Miami, Dade County, Florida. Defendant may be served with citation at Ste. Genevieve County Sheriff's Office Detention Center, 5 Basler Drive, Ste. Genevieve, MO 63670.

## III. JURISDICTION AND VENUE

6.  This Court has jurisdiction over all causes of actions asserted herein under 28 U.S.C. § 1332(d) because the aggregate claims of Plaintiffs exceed the sum or value of $75,000.00, and there is complete diversity of citizenship between all Plaintiffs and Defendant.

7.  Defendant is subject to jurisdiction in this forum and venue is proper in this judicial district under 28 U.S.C. § 1391(b) for the reason that the agreement made the basis of Plaintiffs' claims specifies that any proceeding arising out of the agreement shall be brought in "any federal or state court located in the State of Tennessee, and each of the parties hereby irrevocably consents to the jurisdiction of such courts."

## IV. FACTUAL ALLEGATIONS

A. **JAWAHAR'S PONZI SCHEME**[1]

8.  In December 2010, Jawahar founded Swiftarc Capital, LLC ("Swiftarc"). Swiftarc was formed as the general partner and investment adviser of Swiftarc Fund, LP (the "Fund"), which was to be utilized as a pooled investment vehicle. In May 2013, Swiftarc registered with

---

[1] *https://www.justice.gov/usao-edmo/pr/ponzi-scheme-cost-investors-missouri-elsewhere-millions-indictment-says*

the Texas State Securities Commissioner as an investment adviser.

9. Swiftarc initially invested in an array of diverse securities. However, in 2015, Swiftarc began investing heavily in a single security, a stock listed on the Pakistan Stock Exchange. The value of that investment declined dramatically. Faced with significant losses and investors looking for promised returns, Jawahar commenced "one of the largest Ponzi-schemes in the history of the Eastern District of Missouri."[2]

10. From July 2016 through December 2023, Jawahar solicited, through various Swiftarc entities, some $35 million from investors in connection with the operation of the Fund.

11. On June 7, 2022, the Texas State Securities Board issued a Disciplinary Order (the "TSSB Order") regarding Jawahar's conduct. *See* Exhibit A, a true and correct copy of the TSSB Order, which is attached hereto and incorporated herein for all purposes. By the Order, the TSSB revoked Swiftarc's registration as an investment advisor and issued cease-and-desist orders to Swiftarc and Jawahar. Jawahar worked diligently to conceal the existence of the TSSB Order from Plaintiffs and others.

**B. PLAINTIFFS BECOME VICTIMS OF JAWAHAR'S CONDUCT/THE OMNIBUS AGREEMENT**

12. Plaintiffs are among those individuals who invested money (collectively totaling more than $300,000.00) with Jawahar during the pendency of the Ponzi scheme. In January 2019, Jawahar solicited Plaintiffs to facilitate Plaintiffs making introductions for Jawahar within Plaintiffs' social and business networks. To that end, Plaintiffs became Class B-1 Members of Swiftarc Ventures Fund GP, LLC, another general partner entity used by Jawahar for, among other things, solicitation of funds from potential investors. Plaintiffs were never involved in the day-to-day affairs of Swiftarc nor were they ever employed by any Swiftarc entity. Moreover, Plaintiffs

---

[2] *Id.*, quoting U.S. Attorney Sayler A. Fleming.

never received any compensation from Defendant and/or Swiftarc.

13. Upon learning of the TSSB Order, Plaintiffs immediately approached Jawahar and confronted him about his conduct. Plaintiffs were shocked and dismayed to learn that they, too, had been victimized by Jawahar.

14. In order to address Jawahar's fraudulent conduct, Plaintiffs entered into an Omnibus Agreement (the "Agreement"). *See* Exhibit B, a true and correct copy of the Agreement, which is attached hereto and incorporated herein for all purposes. The purpose of the Agreement was to fully divest Jawahar from some of the investments in which Jawahar was involved and to redirect the business affairs to preserve and protect the investors' investments. *See id*. at "Recitals." Under the Agreement, Jawahar and Swiftarc represented they were now fully complying with the TSSB Order and federal law. *See id*. at § 13(c). Further, among other obligations, the Agreement required Jawahar to provide prompt notice to his investors regarding his conduct, the TSSB Order, a default judgment that had been entered against Swiftarc, and the ongoing business affairs of the Swiftarc investments. *See id*. at § 10.

15. Jawahar failed to provide such notice despite the clear obligation imposed upon him by the Agreement. Similarly, despite obligations imposed upon him by the Agreement, Jawahar sent capital call notices to investors after the effective date of the Agreement. Moreover, notwithstanding representations and warranties in the Agreement otherwise, Jawahar—unbeknownst to Plaintiffs—continued to violate federal law and the terms of the TSSB Order. Finally, Jawahar also failed to obtain insurance coverage which would have afforded some insurance coverage for Swiftarc investors. *See id*. at § 15.

C. INVESTORS MAKE DEMANDS UPON PLAINTIFFS

16. On or about October 5, 2023, Plaintiffs received separate, but virtually identical,

demand letters from some of the investors[3] in the Swiftarc entities. *See* Exhibit C and Exhibit D, respectively, which are attached hereto and incorporated herein for all purposes. Exhibits C and D are referred to herein as "Investors' Demands". Investors' Demands make a series of unsubstantiated and vague allegations against Plaintiffs relating to the various Swiftarc entities and the conduct of Jawahar, and through the demands, those investors collectively demand millions of dollars from Plaintiffs. As a result of Investors' Demands and Jawahar's conduct, Plaintiffs have been forced to engage the undersigned counsel and incur legal expense to address these allegations.

### D. Jawahar's Indictment and Arrest

17. On December 21, 2023, Jawahar was indicted by a federal grand jury in the United States District Court for the Eastern District of Missouri on three counts of violation of federal law, including wire fraud and investment adviser fraud. Pursuant to an Order of Detention Pending Trial, Jawahar is currently incarcerated. *See* Exhibit F.

### V. CLAIMS FOR RELIEF/CAUSES OF ACTION
#### COUNT I—BREACH OF CONTRACT

18. The previous factual statements and allegations are incorporated by reference.

19. Plaintiffs bring this Count under the Agreement. Specifically, Defendant failed to

---

[3] One of the investors, Dr. Joanne Holiday, has been named a defendant in a lawsuit styled, *John Arrow, et al. v. Joanne Holiday, et al.*, Cause No. D-1-GN-24-000209, pending in the 250th Judicial District Court of Travis County, Texas. *See* Exhibit E. Tellingly, there, Joanna Holiday is accused of the very conduct set forth in Investors' Demands.

comply with the terms of the Agreement by, among other things:

- failing to provide prompt "notice" as required by the Agreement;
- failing to acquire the "Tail Policy" as required by the Agreement;
- failing to comply with federal law and the TSSB Order; and
- issuing capital call notices to investors in violation of the Agreement.

20. As a result of Defendant's conduct, Plaintiffs have suffered and will continue to suffer economic damages (including but not limited to the substantial sums that have been misappropriated from Plaintiffs by Jawahar), which Plaintiffs seek to recover as a result of Defendant's breaches.

## COUNT II—INDEMNIFICATION

21. The previous factual statements and allegations are incorporated by reference.

22. In addition to the direct claim for breach of contract, Plaintiffs bring this Count under Sections 13(d) and 13(j) of the Agreement. Section 13(d) of the Agreement reads:

> (d) Subject to Section 2(e), each of the Investors agree not to sue Swiftarc in connection with investments made by the applicable individual in Swiftarc; *provided that* in all respects that no liability whatsoever is alleged or imposed on any of them, their affiliates or associates as a result of any association or business activity with Jawahar personally or Swiftarc. Should any of them, their affiliates, or associates be sued or forced to incur any legal or other third party expense as a result of Jawahar or any Swiftarc entity or activity, then all of their claims (and any associated statutes of limitation) against Jawahar and Swiftarc shall have been deemed tolled and reinstated *in toto*. For the avoidance of doubt, the foregoing shall not be deemed a release of claims but rather a covenant not to sue subject to the conditions stated. The Investors and their associates, affiliates and professional advisors (including, without limitation, New Management, their principals and affiliates) shall be released from all liability associated in any way with Swiftarc. Jawahar and Swiftarc shall indemnify the Investors on a joint and several basis for all claims (including direct and third party claims) arising from agreements with, and ownership of, any Swiftarc entity.

23. As a result of Defendant's breaches of the Agreement and the Investors' Demands, Plaintiffs have lost their investments while incurring substantial legal fees and other expenses.

Accordingly, Plaintiffs seek indemnification for the same.

## VI.  PRAYER

WHEREFORE, Plaintiffs respectfully pray for judgment in their favor as follows:

(i)     An award to Plaintiffs of damages from Defendant in an amount to be determined at trial by this Court;

(ii)    Attorneys' fees and costs of Court; and

(iii)   Any such other and further relief as the Court deems just and proper.

Dated:  April 5, 2024

Respectfully submitted,

*s/Lela M. Hollabaugh*
Lela M. Hollabaugh (TN BPR #14894)
**BRADLEY ARANT BOULT CUMMINGS LLP**
1221 Broadway, Suite 2400
Nashville, TN 37203
Telephone: (615) 244-2582
lhollabaugh@bradley.com

A. Lee Rigby (*pro hac vice* application forthcoming)
William A. Duncan (*pro hac vice* application forthcoming)
**RIGBY SLACK, PLLC**
3500 Jefferson Street, Suite 330
Austin, Texas 78731
Telephone: (512) 782-2060
lrigby@rigbyslack.com
wduncan@rigbyslack.com

***Counsel for Plaintiffs***